# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **JULISSA PIMENTEL,**<br><br>   **Plaintiff,**<br><br>  vs.<br><br>**STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY,**<br><br>   **Defendant.** | **Civil Action No.** |

## COMPLAINT AND JURY DEMAND

COMES NOW THE PLAINTIFF, JULISSA PIMENTEL, by and through her counsel, Christopher P. Brown, Esq., and complaining of the DEFENDANT THE STARBUCKS U.S. BRANDS CORPORATION, showing the Court as follows:

### NATURE OF THE CASE

1. This is a sex discrimination and retaliation case under Title VII of the Civil Rights Act of 1964, for employment discrimination on the basis of sex,

specifically pregnancy discrimination, and retaliation for exercising rights under this statute.

2. During her employment at Starbucks, Plaintiff was subjected to severe and persistent discriminatory conduct including, but not necessarily limited to: (1) reduced hours as a result of pregnancy, (2) refusal to consider her for a supervisor position due to her pregnancy disclosure, (3) receipt of the least popular shifts that require more lifting in retaliation for her pregnancy, (4) denial of reasonable accommodations, (5) consistent negative comments from co-workers and supervisors about her pregnancy and (6) consistent complaints regarding a similar victim of pregnancy discrimination at the same store.

## THE PARTIES

3. PLAINTIFF JULISSA PIMENTEL ("Pimentel" or "Plaintiff") is a female citizen of the United States of America, and at all times relevant hereto was a resident of Dalton, Georgia.

4. DEFENDANT STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY ("Starbucks" or "Defendant") is a foreign profit corporation, and is licensed to do business in Georgia as a foreign corporation, with its principal place of business for the Georgia region located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5. Starbucks is a multinational chain of coffeehouses that employs 400,000 people across their stores.

## JURISDICTION AND VENUE

6. This is an action for relief from sex discrimination in violation of the Title VII of the Civil Rights Act of 1964.

7. This Court has subject matter jurisdiction over Plaintiff's discrimination claim contained herein pursuant to 28 U.S.C. §§ 1331 and 1343 as they arise under the laws of the United States of America.

8. Venue in the Rome Division is appropriate as the discriminatory conduct and employment took place in Dalton, GA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around November 7, 2023 the EEOC issued Plaintiff a Notice of Right to Sue.

10. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTS RELEVANT TO ALL COUNTS

11. Plaintiff started working for Starbucks as a Barista on November 24, 2018.

12. Plaintiff has always received positive performance reviews and was even selected to serve as a trainer for other employees.

13. In December 2021, Plaintiff was encouraged to apply for one of the supervisor positions.

14. After disclosing her pregnancy, she was no longer considered for the position, despite being more than qualified for that role.

15. On or about January 17, 2022, Plaintiff informed her supervisor, Conner McKay, that she was pregnant.

16. When Plaintiff informed Ms. McKay, Ms. McKay was visibly agitated, crossed her arms, and rolled her eyes.

17. After disclosing her pregnancy in January 2022, her hours were cut by almost 30% as compared to her historical average.

18. As a direct reaction to Plaintiff's disclosure of her pregnancy, she experienced a reduction in hours and change in shifts that required more lifting.

19. Plaintiff made requests for reasonable accommodations including, but not necessarily limited to, a stool to sit on during shifts, lifting restrictions, and to only work six-hour shifts.

20. These express accommodations had been granted to other pregnant employees, establishing that these accommodations were reasonable and did not present an undue hardship to Starbucks.

21. After disclosing her pregnancy, other co-workers commented on her pregnancy in a demeaning and belittling manner.

22. At all times relevant to this dispute, Plaintiff had never received any disciplinary write-ups related to time or attendance.

23. Plaintiff's immediate supervisor told her she needed "extra rest" and took her off shifts without asking and forced her to use her sick days without her permission.

24. Plaintiff expected a fair consideration for a supervisor position based on her previous employment history and qualifications.

25. Plaintiff's positive performance reviews in her previous years employed with Starbucks are a testament of her dedication, exemplary performance, and positive feedback from both her supervisors and colleagues.

26. Defendant's continual persistent argument that Plaintiff was to blame for her lack of hours due to her lack of commitment and interpersonal issues serve as a pretext for the present sex discrimination.

27. Plaintiff is not the only employee who suffered pregnancy discrimination at this same store; one or more other employees were forced to endure discrimination and retaliation based on pregnancy.

## FIRST CLAIM FOR RELIEF:

## DISCRIMINATION IN VIOLATION OF TITLE VII

## **(SEX DISCRIMINATION)**

28. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 28 above.

29. Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin under 42 U.S.C. §2000e-2(a). Pregnancy is a form of sex discrimination prohibited by Title VII.

30. Under an amendment to Title VII, the Pregnancy Discrimination Act, an employer must treat an employee who is affected by pregnancy or childbirth the same as other employees who are not so affected but are similar in their ability to work. 42 U.S.C. § 2000e(k).

31. As noted above, Defendant violated Title VII by discriminating against Plaintiff due to her pregnancy.

32. At all times, Title VII was fully binding upon Defendant, and Plaintiff is a member of a group protected under this statute.

33. As a direct and foreseeable result of Defendant's unlawful actions, Plaintiff has suffered substantial losses in earning and other employment benefits, and has incurred other economic or non-economic losses.

34. Any reasons Defendant provides for Plaintiff's discipline and termination are pretextual.

35. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in her career and reputation and otherwise suffered monetary damages.

## SECOND CLAIM FOR RELIEF:

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

36. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 44 above.

37. Title VII, as amended, prohibits employers from discriminating against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 200e-3(a).

38. During the course of her employment, Plaintiff made informal and informal complaints to Defendant opposing Defendant's unlawful, discriminatory employment practices.

39. Title VII prohibits employers from retaliating against employees, such as Plaintiff, for engaging in protected activity.

40. Defendant instructed Plaintiff that there would be a meeting to discuss these issues, but nothing was done to address this discriminatory conduct.

41. As described above, Defendant discriminated against Plaintiff because of her pregnancy in violation of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 4 U.S.C § 2000(e).

42. The reason for Defendant's disparate treatment of Plaintiff was her pregnancy.

43. Defendant's conduct constitutes retaliation under Title VII of the Civil Rights Act.

44. Any reasons Defendant provides for Plaintiff's discipline and termination are pretextual.

45. As a result of Defendant's retaliatory conduct, Plaintiff has been damaged in her career and reputation and otherwise suffered monetary damages.

### THIRD CLAIM FOR RELIEF:

### VIOLATION OF PREGNANT WORKERS FAIRNESS ACT

46. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 46 above.

47. The Pregnant Workers Fairness Act ("PFWA") requires a covered employers to provide reasonable accommodations to a worker's known limitations related to pregnancy, childbirth, or related medical conditions, unless the accommodation will cause the employer an "undue hardship."

48. The Act prohibits employers from denying a job opportunity to a qualified employee based on the person's need for reasonable accommodation.

49. Further, the Act prohibits employers from interfering with any individual's rights under the PWFA.

50. In direct violation of the PWFA, Defendant – through its managers, trainers, and other employees – failed to accommodate Plaintiff.

51. Defendant's conduct constituted a violation of Plaintiff's rights under PWFA.

52. As a result of Defendant's unlawful conduct, Plaintiff has been damaged in her career and reputation and otherwise suffered monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant STARBUCKS COFFEE COMPANY as follows:

A.  For retroactive placement to the employment position of Barista with all back pay, benefits and other emoluments of employment;

C.  For an award of compensatory damages suffered because of the discrimination; Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary damages and fringe benefits;

C.  For attorney's fees and costs of this suit, pursuant to applicable statute; and

D.  For such other and further relief, as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

Dated January 9, 2024.

*s/Christopher P. Brown*

_____
Christopher P. Brown, GA Bar #795154
Geiger Legal Group LLC
109 W. Morris St., Suite A-5
Dalton, GA 30720
T: 770.720.4600
F: 770.720.4646
E: cbrown@geiger-legal.com
***Attorney for Plaintiff***